EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* José
González, acusado y apelante.

Núm. 6725.—*Sometido:* Noviembre 23, 1937. *Resuelto:* Diciembre 22, 1937.

*González Fagundo & González Jr.,* abogados del apelante; *R. A.
Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pue-
blo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

José González fué acusado y convicto de haber cometido
un asesinato en la persona de Luz María Rodríguez, quien en
otro tiempo había sido su querida. Las circunstancias que
precedieron a su muerte pueden resumirse de la manera si-
guiente:

Que el acusado como a las once de la noche llegó a la casa
donde él "tenía" a la interfecta; que le dijo a ella "¿sí o
no?" y al ella contestarle "no", sacó una pistola del bolsillo
y le disparó, como resultado de lo cual ella murió; que en-
tonces trató infructuosamente de suicidarse.

Estos hechos han sido más o menos aceptados. El seña-
lamiento de errores dice:

"*Primero:* La corte cometió error al negarse a trasmitir al jurado
instrucciones sobre el delito de homicidio voluntario.

"*Segundo:* La corte cometió error al hacer el juez al perito Dr.
Mejías Ruiz la siguiente pregunta: '¿De manera, doctor, que enton-
ces todos los sifilíticos pueden perder en cualquier momento su cons-
ciencia y estar exonerados de cualquier responsabilidad penal en todo
momento porque es posible que eso ocurra?

"*Tercero:* El veredicto es contrario a la prueba."

Somos de opinión que a juzgar por la forma en que se
desarrollaron los hechos, la corte inferior estuvo plenamente

justificada en negarse a transmitir una instrucción sobre el delito de homicidio voluntario. Los hechos no presentan base razonable sobre la cual se pueda fundar la teoría del apelante de que los disparos pudieron haber resultado de una súbita pendencia o de un arrebato de cólera. Por el contrario, es nuestro parecer que la evidencia demuestra definitivamente que el acusado visitó a la muerta con la intención fija de matarla si su contestación era en la negativa. No debemos olvidar que la principal defensa descansaba en la supuesta demencia del acusado. La tentativa de presentar un caso de homicidio voluntario fracasó por completo. El primer error no fué cometido.

La pregunta discutida en el segundo señalamiento fué, en nuestra opinión, enteramente propia, dado el testimonio que le había precedido inmediatamente. No hay imputación alguna de que la pregunta fuese hecha en un tono de voz incrédulo o sarcástico, de suerte que debemos presumir que fué hecha en una forma seria e imparcial. No podemos ver, aun suponiendo que hubiese error, que la pregunta fuese perjudicial.

El último error supuestamente cometido es que el veredicto de asesinato es contrario al peso de la prueba, y, por lo tanto, que debió haberse rendido un veredicto de homicidio voluntario. Este punto ha sido cubierto al disponer del primer señalamiento de error, y no merece discusión ulterior.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Hutchison y Córdova Dávila no intervinieron.